UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

MARINA BABAYEVA,

                              Plaintiff,

-against-

QUEENS HOSPITAL CENTER; QUEENS HEALTH
NETWORK; and NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION,

                              Defendants.

----------------------------------------------------------------X

**REPORT & RECOMMENDATION**
**07 CV 5367 (CBA)(LB)**

**BLOOM, United States Magistrate Judge:**

        Plaintiff filed this employment discrimination case *pro se* on December 26, 2007, and the parties conducted discovery. In late December 2008, after the deadline for discovery had passed, plaintiff retained counsel. At the status conference held on January 27, 2009, plaintiff was granted permission to move to amend the complaint. Plaintiff now moves to amend the complaint to include federal employment discrimination claims as well as discrimination claims under city and state law, claims under 42 U.S.C. §1983, and a retaliation claim under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. Defendants oppose plaintiff's motion. For the reasons stated below, it is respectfully recommended pursuant to 28 U.S.C. §636(b) that plaintiff's motion to amend should be granted in part and denied in part.

**DISCUSSION**

**I. Standard for Motion to Amend**

Under Rule 15(a), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). A motion for leave to amend should be denied only for good reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962)). "The standard for futility with respect to a motion to amend under Rule 15 is identical to the standard for a Rule 12(b)(6) motion to dismiss -- namely, the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." Crippen v. Town of Hempstead, No. 07-CV-3478, 2009 U.S. Dist. LEXIS 24820 (E.D.N.Y. Mar. 25, 2009). The opposing party may demonstrate prejudice where the amended complaint asserts new claims with a new set of operative facts. See Gerentine v. United States, No. 00-Cv-0813, 2001 U.S. Dist. LEXIS 10975 (S.D.N.Y. Aug. 1, 2001)("Pleadings may not be amended to add an entirely new set of operative facts if the original complaint did not provide fair notice to the defendant. . . .")(citations omitted).

**II. Timeliness of Plaintiff's Federal Employment Discrimination Claims**

Plaintiff's proposed amended complaint includes claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act, 42,. U.S.C. §2601;

and the Age Discrimination in Employment Act, 29 U.S.C. §§621-634. Defendants oppose the inclusion of any claims raised in plaintiff's first charge to the EEOC on June 27, 2005 because the instant action was not commenced within ninety days of plaintiff receiving the right-to-sue letter relating to that charge. (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint ("Deft.'s Opp.") 7-8.) Defendants also object to the inclusion of any claims in plaintiff's second EEOC charge (filed on April 13, 2007) that accrued more than 300 days prior to that date. (Deft.'s Memo 6.)

Employees in New York wishing to bring a federal employment discrimination claim must file an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1); Petrosino v. Bell Atlantic, 385 F.3d 210, 219 (2d Cir. 2004)(Title VII); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 326-29 (2d Cir. 1999)(ADA and ADEA); Liles v. N.Y. City Dep't of Educ., 516 F. Supp. 2d 297, 309 (S.D.N.Y. 2007)(same). Plaintiffs must also commence the action in the district court within ninety days of receiving a right-to-sue letter from the EEOC. Cornwell v. Robinson, 23 F.3d 694, 706 (2d Cir. 1994)(citing 42 U.S.C. § 2000e-5(f)(1)); see also, Tewksbury, 192 F.3d at 325 (ADA claims are subject to the same administrative exhaustion requirements as Title VII).

Plaintiff filed two charges of discrimination with the EEOC against defendants, on June 27, 2005 and April 13, 2007, and received the right-to-sue letters for these charges on August 31, 2005 and September 26, 2007 respectively. Plaintiff filed her original complaint with this Court on December 26, 2007, which is more than ninety days after she received the right-to-sue letter from the EEOC on the first charge. Plaintiff, however, argues that defendants should be equitably

3

estopped from asserting the statute of limitations defense on her first charge because defendants promised plaintiff a promotion during a mediation session with the EEOC.[1] Plaintiff claims that in reliance on this promise, she did not act on the first EEOC right-to-sue letter. (Reply Memorandum of Law in Further Support of Plaintiff's Motion to Amend the Complaint ("Pl.'s Reply") 3; Affidavit of Marina Babayeva in Support of Motion to Amend Complaint ("Pl.'s Aff.") ¶ 18.)

The ninety-day filing rule is equivalent to a statute of limitations and is subject to waiver, equitable estoppel, and equitable tolling. Vollinger v. Merrill Lynch & Co., 198 F. Supp. 2d 433, 440 (S.D.N.Y. 2002)(citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Equitable estoppel precludes defendant from raising a statute of limitations defense where "the plaintiff knew of the existence of [the] cause of action but the defendant's conduct caused the plaintiff to delay the bringing of [the] lawsuit." Buttry v. General Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995)(internal quotes omitted). The plaintiff must demonstrate that "(1) the defendant made a definite misrepresentation of fact, and had reason to believe that the plaintiff would rely on it; and (2) the plaintiff reasonably relied on that misrepresentation to [her] detriment." Id. "To invoke equitable estoppel as a shield against a statute of limitations defense, a plaintiff 'must show that he brought his action within a reasonable time after the facts giving rise to the estoppel have ceased to be operational." Id. at 1494. A determination of what is considered a reasonable time is made on a case-by-case basis, but the "benchmark" is the "unused portion of the limitations period." Id.

---

[1] Plaintiff does not provide the date of the EEOC mediation, though the Court assumes it occurred after the filing of the first EEOC charge on June 27, 2005.

Here, accepting plaintiff's estoppel claim and crediting her a full ninety-days beyond the end of the estoppel period to file her complaint, the claims in her first EEOC charge would still be untimely. Estoppel would cease to operate when plaintiff knew, or should have known, that she would not be promoted. Plaintiff does not provide the date of the EEOC mediation in her affidavit, or the precise date she became aware that she would not be promoted. However, she was certainly on notice that she would not be promoted when she was terminated on November 17, 2006. Ninety days after plaintiff's termination is February 15, 2007. Plaintiff did not commence the instant action until December 26, 2007. Thus, assuming *arguendo* that equitable estoppel applies in this case, plaintiff's claims from her first EEOC charge would still be time-barred. Plaintiff's motion to amend the complaint to include these claims should therefore be denied as futile.

However, plaintiff did file the instant action within ninety days of receiving the right-to-sue letter from her April 13, 2007 EEOC charge. All claims made in that charge which occurred on or after June 17, 2006 (300 days prior to the filing date), are therefore timely and should be allowed to proceed.

### III. Plaintiff's State and City Law Claims

Plaintiff's proposed amended complaint includes claims under Article 15 of the New York State Executive Law §§ 296, 297 and New York City Administrative Code § 8-101 *et seq.*, alleging discrimination based on pregnancy, gender, race, national origin and religion, failure to accommodate plaintiff's disability, and retaliation. (Proposed Am. Compl. ¶¶ 72, 86, 92.) Defendants do not object to the addition of these state and city law claims except to argue that any of these claims which accrued prior to December 26, 2004 are time-barred. The Court agrees.

5

As an initial matter, because plaintiff's first complaint makes the same claims under federal law, (Pl.'s Compl. ¶¶ 4, 7, 8, attachments), the state and city law claims "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading," and properly relate back to date of the original pleading. Fed. R. Civ. P. 15 (c)(1)(B); see also Rodriguez v. American Friends of the Hebrew Univ., Inc., No. 96 Civ. 0240, 1999 U.S. Dist. LEXIS 10528 (S.D.N.Y. July 12, 1999) (allowing amended claims under state and city human rights laws to relate back to the federal claims alleged in the original complaint).

However, the state and city law claims are governed by their own three-year statute of limitations. Siddiqi v. New York City Health & Hosps. Corp., 572 F. Supp. 2d 353, 373 (S.D.N.Y. 2008). As plaintiff commenced this action on December 26, 2007, claims arising under state or city human rights laws must relate to events occurring on or after December 26, 2004 or they are time-barred. The Court should therefore deny plaintiff's motion to amend the complaint to add state and city law claims relating to events before December 26, 2004; the Court should grant plaintiff's motion to amend the complaint to include all state and city claims related to events on or after that date.

**IV. Plaintiff's § 1983 Claims**

Plaintiff moves to amend the complaint to add claims for discrimination and retaliation against the City under 42 U.S.C. § 1983 ("§1983"). (Proposed Am. Compl. ¶¶ 72, 92.) Defendants argue that such claims fail as a matter of law because the amended complaint does not allege facts identifying any officially adopted custom, policy, or practice that resulted in the violation of plaintiff's constitutional rights. (Deft's Opp. 8)(citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690-95 (1978)). Plaintiff responds that paragraphs 76 and

96 of the proposed amended complaint properly allege a City custom, policy and practice. (Pl.'s Reply 3-4.)

In order to bring a §1983 claim against a municipality, plaintiff must allege that the defendant adopted a custom, policy, or practice that caused the alleged violation. Monell, 436 U.S. at 694; Coon v. Town of Springfield, Vt., 404 F.3d 683, 686 (2d Cir. 2005). Such a claim must be supported by "specific facts that would at least circumstantially support the inference of the existence of such policies." Prophete v. City of New York, No. 07 CV 3061, 2008 U.S. Dist. LEXIS 77680 (E.D.N.Y. Sept. 9, 2008)(citing Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)). Even under the liberal pleading standards of Fed. R. Civ. P. 8(a), a plaintiff must do more than state conclusory allegations. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Plaintiff's §1983 claims state in an entirely conclusory manner "[d]efendants have a policy, practice, and custom of engaging in the discriminatory acts complained of and have performed such discriminatory acts with reckless disregard to plaintiff's protected rights." (Proposed Amended Complaint ¶¶ 76, 96). The complaint says nothing more and offers no factual basis whatsoever for the claim. Plaintiff's proposed §1983 claims would not withstand a motion to dismiss. See Davis v. City of New York, 2008 U.S. Dist. LEXIS 47869 (S.D.N.Y. June 19, 2008)(holding that plaintiff failed to sufficiently plead municipal liability because "conclusory allegations that a municipality failed to train and supervise its employees is insufficient to state a Monell claim"); see also Oparaji v. City of New York, No. 96 Cv. 6233, 1997 U.S. Dist. LEXIS 23686 at *10 (E.D.N.Y. Mar. 21, 1997)(granting defendant's motion to

dismiss because plaintiff's Monell claim "[did] not contain a single fact in support of [the] conclusory allegation"). Plaintiff's attached affidavit that states she is aware of "two or three other employees of defendant" who *complained* of discriminatory practices is insufficient to state a claim for municipal liability.

As plaintiff's proposed amended complaint fails to state a claim for municipal liability, plaintiff's motion to amend the complaint to add claims under 42 U.S.C. §1983 should be denied.[2]

**V. Plaintiff's FMLA Claims**

Plaintiff also seeks to add claims under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") for retaliation. (Prop. Am. Compl. ¶ 92.) Defendants object, arguing the complaint fails to cite adverse employment action suffered by plaintiff. However, as noted in plaintiff's reply papers, paragraphs 92 and 93 of the proposed amended complaint state, *inter alia*, that defendants terminated plaintiff's employment in part out of retaliation for taking medical leave under the FMLA. Termination is without question an adverse employment action under the FMLA. See e.g., Worster v. Carlson Wagon Lit Travel, Inc., 353 F. Supp. 2d 257, 271 (D. Conn. 2005). Plaintiff's motion to amend the complaint to include a claim of retaliation under the FMLA should therefore be granted.

---

[2] The Court also notes that city agencies are not considered persons under §1983. Jones v. Nat'l Commc'n and Surveillance Networks, 409 F. Supp. 2d 456, 469 (S.D.N.Y. 2006). A claim for municipal liability must therefore be brought against the City of New York, not its agencies. Id. (citing the N.Y. City Charter § 396).

8

**CONCLUSION**

Accordingly, plaintiff's motion to amend the complaint should be granted in part and denied in part. The motion should be GRANTED to allow plaintiff to amend her complaint to include (1) all federal employment discrimination claims made in plaintiff's April 13, 2007 EEOC charge which accrued on or after June 17, 2006, (2) all state and city human rights law claims which accrued on or after December 26, 2004, and (3) plaintiff's claim for retaliation under the FMLA. Plaintiff's motion to amend should be DENIED as to (1) all claims raised in plaintiff's June 27, 2005 EEOC charge, (2) all federal employment discrimination claims which accrued before June 17, 2006, (3) all state or city human rights claims which accrued before December 26, 2004, and (4) all claims under 42 U.S.C. §1983.

Should this Report and Recommendation be adopted, plaintiff shall revise and file an amended complaint that conforms to this Report within ten days. Defendants' counsel shall respond to the amended complaint within ten days of being filed. The parties shall jointly propose an expedited discovery plan within ten days of defendants' answer.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed. R. Civ. P., the parties shall have ten days from service of this Report to file written objectives. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Phyisicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　LOIS BLOOM
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Dated: May 7, 2009
　　　　Brooklyn, New York